IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 5 2011

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

REBECA BLESSING-MARTINEZ, §
§
          Plaintiff, §
§
VS. § NO. 4:09-CV-535-A
§
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL §
SECURITY, §
§
          Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Rebeca Blessing-Martinez is plaintiff and Michael J. Astrue, Commissioner of Social Security ("Commissioner"), is defendant. This is an action for judicial review of a final decision of the Commissioner denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. On December 27, 2010, the United States Magistrate Judge issues his proposed findings and conclusions, and a recommendation that the decision of the Commissioner that plaintiff "is not disabled under sections 216(i) and 223(d) of the Social Security Act"[1] be

---

[1] The language quoted in the text is the decision of the administrative law judge, Tr. at 18, which became the final decision of the Commissioner, id. at 1.

reversed and remanded for further administrative proceedings, and gave the parties until January 10, 2011, to file objections. Although neither party filed objections, the court ordered the Commissioner to file a response to the magistrate judge's proposed findings and conclusions and to his recommendation. Having now considered the Commissioner's response, the filings of the parties, the magistrate's judge's proposed findings and conclusions, and the applicable legal authorities, the court has decided not to accept the recommendation of the magistrate judge.

In reaching the decision not to accept the recommendation of the magistrate judge, the court bears in mind that judicial review of the decision of the Commissioner of nondisability is limited to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision and (2) whether the decision comports with relevant standards. See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

The basis of the magistrate judge's recommendation of reversal was the failure of the Administrative Law Judge ("ALJ") to apply the correct standard for severity at step two of the sequential evaluation process used to determine disability.[2]

---

[2]The magistrate judge used the five-step analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920
(continued...)

Specifically, the magistrate judge made the proposed finding that the ALJ failed to cite to the Fifth Circuit's opinion in Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985), or otherwise indicate that he employed the Stone definition of severity. Although recognizing that the ALJ need not use "magic words" when referring to the Stone severity analysis, the magistrate judge nevertheless proposed a finding that remand was appropriate for clarification by the Commissioner that the Stone opinion was followed. Relying on other opinions of this court, the magistrate judge reached the conclusion that the failure of the ALJ to apply the correct severity standard as set forth in Stone required that the case be remanded for reconsideration.

---

2(...continued)

to determine whether plaintiff is disabled. First, the claimant must not be presently working at any substantial gainful activity as defined in the regulations. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the impairment or combination of impairments must meet or equal an impairment listed in the appendix to the regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, the impairment or impairments must prevent the claimant from returning to past relevant work. Id. §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. Id. §§ 404.1520(f), 416.920(f). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999). If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing despite his existing impairments. Id.

The Commissioner argues that the ALJ applied the correct standard, although he did not expressly cite to the _Stone_ decision.  However, regardless of whether the ALJ applied the correct standard, the Commissioner argues that remand is not required, because the ALJ found in plaintiff's favor at step two, and the ALJ proceeded through the remainder of the five-step analysis.  The court agrees with the Commissioner.

While a reading of _Stone_ would appear to support the magistrate judge's conclusion, subsequent rulings of the Fifth Circuit have clarified the holding to require remand only when the ALJ failed to reference the _Stone_ standard and the case was adjudicated at step two of the sequential evaluation process. _See_ _Chaparro v. Bowen_, 815 F.2d 1008, 1011 (5th Cir. 1987) (per curiam); _Jones v. Bowen_, 829 F.2d 524, 527 n.1 (5th Cir. 1987) (per curiam) (rejecting plaintiff's argument concerning _Stone_ because ALJ proceeded through steps four and five of the analysis).

The _Stone_ rulings simply do not apply to this case.  The ALJ in _Stone_ did not find that the plaintiff had an impairment or combination of impairments that was severe--in other words, the ALJ found against the plaintiff at step two of the five-step analysis.  As the Fifth Circuit noted in _Chaparro_, the ALJ's

4

determination "did not turn on whether or not [plaintiff's] impairment was severe, but on whether [plaintiff] could return to his past relevant work--an inquiry unaffected by the test set forth in Stone." Chaparro, 815 F.2d at 1011.

The same result is required in the instant action. Whether or not the ALJ applied the correct severity standard, he found in favor of plaintiff at step two, and proceeded through the remaining steps of the analysis. As in Chaparro, the ALJ's determination rested on an inquiry "largely unaffected by the test set forth in Stone," id., rendering that argument irrelevant to the disposition of plaintiff's case. The court thus rejects the recommendation of the magistrate judge to remand the case on that basis.

Plaintiff's second argument raised in her appeal of the ALJ's decision is that the Commissioner's decision is not supported by substantial evidence. Because the magistrate judge recommended remand based on the ALJ's alleged failure to properly apply Stone, he did not reach the question of whether substantial evidence existed in the record to support the ALJ's decision.

Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). "[N]o substantial evidence"

will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-44 (5th Cir. 1988) (per curiam) (citing <u>Hames v. Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983)).

The primary basis of plaintiff's argument concerning substantial evidence is that the residual functional capacity ("RFC") assessed by the ALJ was not supported by evidence in the record, because he failed to consider all of her impairments and failed to properly consider statements from her treating and examining physicians. However, the record shows that the ALJ considered all of plaintiff's impairments, including her fibromyalgia, her bilateral arm pain and left carpal tunnel syndrome, the successful de Quervain release of her left wrist, which required no additional surgical intervention, and noted her complaints of pain in her arms, elbows, hands, tailbone, shoulders, and legs. Tr. at 12, 15. The ALJ noted, however, that no objective medical evidence supported the level of impairment alleged by plaintiff. <u>Id.</u> at 15.

The record further reflects that the ALJ considered the opinions of plaintiff's treating physicians, but found the opinions of those physicians inconsistent with the objective medical evidence in the record. For example, Dr. Saifee, a

6

treating physician, reported that plaintiff suffered from "severe pain, headaches & fibromyalgia," and was "totally disabled." Id. at 246. However, the ALJ found Dr. Saifee's observations to be unsupported by the record as a whole, which instead revealed no more than mild to moderate functional limitations.

Although a treating physician's opinions are generally given considerable weight, such opinions may be given little or no weight when good cause exists. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). As relevant here, good cause includes statements "not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." Id.; see also Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995) (per curiam) ("[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.") (brackets in original) (internal citations omitted). Additionally, Dr. Saifee's opinion that plaintiff was totally disabled is entitled to no weight, as that determination is reserved to the Commissioner. Greenspan, 38 F.3d at 237.

In contrast, Dr. Toledo, another treating source, opined that plaintiff was a "suitable candidate for retraining" in another occupation. Tr. at 223. Other consultative or examining sources found plaintiff able to sit, stand, reach, and bend

without difficulty or assistance, id. at 244, 279. The ALJ found plaintiff was "not fully credible regarding her alleged functional limitations," and that her complaints of substantial physical pain were unsupported by the objective medical findings. Id. at 16. The ALJ concluded that no medical sources, other than Dr. Saifee, found plaintiff affected by anything more than moderate left arm pain, with "virtually no objective support" for her complaints of right hand pain. Id. at 16. Although plaintiff testified concerning pain in various parts of her body, including her tailbone and legs, the ALJ found those complaints appeared nowhere in the treatment record. The disabling effects of pain is within the ALJ's discretion to determine, and his determination is entitled to "considerable deference." Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam).

In reaching these conclusions the ALJ considered the opinions of treating and consultative sources, found them not inconsistent with the record as a whole, and accorded them considerable weight in determining plaintiff's RFC. Tr. at 16-17. The ALJ thus concluded that although plaintiff was unable to perform her past relevant work as a laundry folder/housekeeper, she was capable of making a successful adjustment to other work. Id. at 17-18. In reaching his overall determination that

plaintiff was not disabled, the ALJ gave "careful consideration [to] all the evidence." Id. at 10. Thus, the court finds substantial evidence in the record to support the ALJ's findings, which became the final decision of the Commissioner.

To whatever extent the findings and conclusions of the magistrate judge are inconsistent with this memorandum opinion and order, they do not meet with the court's approval. The findings and conclusions of the magistrate judge that are consistent with this memorandum opinion and order are approved. The court concludes that Commissioner's decision should be affirmed.

THE COURT SO ORDERS.

SIGNED April 5, 2011.

JOHN McBRYDE
United States District Judge